**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION AT KNOXVILLE**

**IN RE**

|  |  |  |
|---|---|---|
| **ERIC SHAWN GRIFFIS,** | ) | **Case No.: 15-bk-33529-SHB** |
|  | ) | **Chapter 13** |
| **Debtor.** | ) |  |
| _____ | ) |  |
|  | ) |  |
| **SIMEON CHOW,** | ) |  |
| **Plaintiff,** | ) |  |
| **vs.** | ) | **Adv. Proc: 16-ap-3007-SHB** |
| **ERIC SHAWN GRIFFIS,** | ) |  |
| **Defendant.** | ) |  |

_____

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
_____

Comes now the Defendant, by counsel, and for his Brief would show unto the court as

follows:

## I.  FACTS

1.      The facts and statements contained in the Motion to Dismiss are incorporated

herein by reference.

2.      All other facts regarding this case are of record in the bankruptcy proceeding, 15-

33529, and/or filed in the adversary case of record are hereby incorporated by

reference including the Complaint and other pleadings filed.

3.      The Complaint states in the RE: section it is an "Objection to Debtor's

discharge".[1]

---

1 The Adversary "Cover Sheet" includes a description of the cause of action inconsistent with the actual Complaint.

## II.  ARGUMENT

**Complaint should be Dismissed for Failing to State a Claim
Upon which Relief can be Granted**

Federal Rule of Bankruptcy Procedure 7012(b) incorporating Fed. R. Civ. P. 12(b)(6)

provides that a Defendant may move for dismissal based on the Plaintiff's failure to state a claim

upon which relief can be granted.  Alternatively, a Motion to Dismiss should be granted for any

alternate theory upon which the Plaintiff fails to state a claim.

Bankruptcy Rule 7012 incorporates Rule 12 of the F.R.C.P. and requires that Defendant

file a Motion to assert this defense.

In this case only two paragraphs of factual allegations supporting the "objection to

Debtor's Discharge" theory are contained within unnumbered paragraphs one (1) and two (2) of

the Complaint.   Allegations can be summarized as either "fraud" or overcharging for a

construction job but none of the facts fall within the scope of a § 727 "discharge" objection cause

of action.  For example, the second paragraph simply states the creditor's money was "routed to

support lavish vacations and other non-contract related expenses".  These alleged acts are not

transfers of the Debtor's property as required to sustain a Complaint under § 727(a)(2)(A).

Therefore, the Complaint has no factual allegations which would support denial of the

discharge under any subsection of 11 U.S.C. § 727(a) and does not state a cause of action upon

which relief can be granted and the Complaint is subject to dismissal pursuant to Bankruptcy

Rule 7012(b).  The Court should dismiss this case based upon the failure to assert a valid claim.

### III. CONCLUSION

The Court should dismiss the Complaint in its entirety because there are no factual allegations that exist between the parties that would support a *prima facia* case for denial of discharge under the sections cited by the Plaintiff.  The only minimal factual allegations to support said causes of action are unrelated to any discharge theory.  The Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Bankruptcy Rule 7012(b) for the reasons stated.


Dated this **1st** day of April, 2016.

                                       **/s/** John P. Newton, BPR #010817
                                       /s/ Richard M. Mayer, BPR #5534
                                       Law Offices of MAYER & NEWTON
                                       Attorneys for Debtor/Defendant
                                       1111 Northshore Drive, Suite S-570
                                       Knoxville, Tennessee 37919
                                       (865) 588-5111 Telephone

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss** has been served either electronically (ECF) or by placing in the United States First Class Mail (USM) with sufficient postage to insure delivery:

Tiffany Dilorio                                          (Via ECF)
Office of US Trustee

Simeon Chow
2250 Fallen Oaks Dr.
Knoxville, TN  37932

Dated:  April 1, 2016

**/s/** John P. Newton, BPR # 010817
Law Office of MAYER & NEWTON
Attorneys for Debtor/Defendant